NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMBERLY A. DYER,

            Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

            Defendant-Appellee.

No.   17-35633

D.C. No. 3:16-cv-05733-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted March 7, 2019[**]

Before:    FARRIS, D. NELSON, and TALLMAN, Circuit Judges

Kimberly A. Dyer appeals the district court's decision affirming the

Commissioner of Social Security's denial of Dyer's application for supplemental

security income under Title XVI of the Social Security Act.  We review de novo,

*Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Administrative Law Judge ("ALJ") properly rejected examining physician Dr. Wheeler's opinion because it was inconsistent with the longitudinal record and because Dr. Wheeler indicated that any limitations would last less than 12 months with treatment. *See Garrison*, 759 F.3d at 1010 (explaining that disability requires an impairment that is expected to last at least 12 months); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 –42 (9th Cir. 2008) (concluding that the ALJ may properly reject a treating physician opinion that is inconsistent with other medical records). Because Dr. Sanchez's opinion relied entirely on Dr. Wheeler's opinion, the ALJ reasonably rejected it for the same reasons.

The ALJ provided several germane reasons to reject the Global Assessment of Function (GAF) scores assigned by non-acceptable medical sources: failure to follow through with recommended mental health treatment, lack of support by clinical findings, and inclusion of occupational and family difficulties in assessing the GAF scores. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (requiring germane reasons to reject opinions from non-acceptable medical sources); *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (including failure to seek mental health treatment in reasons the ALJ properly relied on to reject a medical opinion); *Tommasetti*, 533 F.3d at 1041–42 (concluding that the ALJ may properly reject a medical opinion that is unsupported by clinical findings); *Garrison*, 759 F.3d at 1002 n.4 (explaining that GAF scores include measures of

2

social and occupational functioning).

Substantial evidence supports the ALJ's findings from the medical record and weighing of the medical opinions, including the opinions from Dr. Heilbrunn, Dr. Aleshire, and Dr. Brown. *See Tommasetti*, 533 F.3d at 1041 ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence").

The ALJ properly discredited Dyer's testimony based on clear and convincing reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (requiring an adverse credibility finding to be based on clear and convincing reasons). First, the objective medical evidence showed only mild physical and mental health impairments. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (explaining that the ALJ may consider lack of supporting medical evidence in discrediting a claimant's subjective complaints as long as it is not the only factor that the ALJ relies on). Second, Dyer's activities, including cooking, cleaning, and taking her dog for walks were inconsistent with her alleged physical limitations. *See Molina*, 674 F.3d at 1112–13 (9th Cir. 2012) (including inconsistency with daily activities in reasons the ALJ may rely upon to discredit claimant testimony). Third, Dyer's testimony that she continued to look for work was inconsistent with her testimony as to total disability. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (reasoning that the claimant's job searches were inconsistent with her testimony as to disability).

3

Fourth, Dyer failed to seek treatment for her mental health impairments or left knee until shortly before her hearing, and no medical evidence in the record supports a conclusion that her failure to seek treatment was due to her mental impairments. *See Molina*, 674 F.3d at 1114 (explaining that the ALJ properly rejected claimant testimony because the claimant failed to seek treatment and there was no medical evidence that any failure was attributable to the claimant's mental impairments). Any error in relying on additional reasons to discredit Dyer's testimony was harmless. *See Carmickle*, 533 F.3d at 1162 (reasoning that error in relying on improper reasons to discredit claimant testimony was harmless because substantial evidence supported the ALJ's reasoning and credibility determination).

Dyer waived any challenge to the ALJ's rejection of lay testimony by failing to sufficiently argue the issue in her opening brief. *See Carmickle*, 533 F.3d at 1161 n.2 ("we ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief" (internal quotation and citation omitted)).

The residual functional capacity assessment and hypothetical posed to the vocational expert were supported by substantial evidence and reasonably included all limitations for which there was record support. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**

4